IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 14-00278 E |
| ) | |
| MICHAEL A. RICE and ) | |
| ROBERTA L. RICE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

CYNTHIA REED EDDY, United States Magistrate Judge.

## I.   RECOMMENDATION

On January 13, 2015, United States of America ("Plaintiff") filed a Motion for Default Judgment [ECF No. 7] against Michael A. Rice and Roberta L. Rice. ("Defendants"). After careful review of Plaintiff's Complaint [ECF No. 1], the Request for entry of Default [ECF No. 6], and the Motion for Default Judgment, together with the exhibits attached thereto[ECF No. 7], it is respectfully recommended that Plaintiff's Motion for Default Judgment be granted and the Order requested by Plaintiff [ECF No. 7-2] be entered against Defendants.

## II.   REPORT

### A. Procedural and Factual Background

This action was brought on behalf of the United States Department of Agriculture, Rural Housing Service to foreclose on a Note and Mortgage upon real property situated in Crawford County in the Commonwealth of Pennsylvania and commonly known as 318

1

Bolard Avenue, Cambridge Springs, Pennsylvania. [ECF No. 1, Exhibits A-D]. The Complaint was filed on November 5, 2014, and alleges that Plaintiff made a loan to Defendants in the sum of $81,231.00, payable in monthly installments as evidenced by a Promissory Note dated July 2, 2002. [ECF No. 1, Exhibit A]. The Note was secured by a mortgage in the sum of $81,231.00 ("Mortgage") on the aforesaid property, which was duly recorded on July 31, 2002 in the Recorder of Deeds Office of Crawford County in Mortgage Book Volume 0588, page 10. [ECF No. 1, Exhibit B and C].

According to the Complaint, Defendants are in default under the Note and Mortgage as a result of their failure to make payments when due, as well as other alleged breaches. As a result of the failure to make payment, Plaintiff accelerated the balance due and Defendants are now in default for failing to pay Plaintiff the accelerated balance. By letter dated June 5, 2014, Plaintiff sent Defendants a Notice of Intention to Foreclose [ECF No. 1, Exhibit D] by certified mail to their last known address.

The accelerated balance presently due to Plaintiff on the Note is as follows:

| | |
|---|---|
| **Principal** | $ 69,309.65 |
| **Interest to 08/05/14** | $ 3,537.63 |
| **Attorney's Fee** | $ 3,456.48 |
| **Interest Subject to Recapture** | $ 20,971.79 |
| **Late Charges** | $ 134.88 |
| **Fees Currently Assessed** | $ 326.89 |
| **Escrow/Impound Required** | $ 688.36 |
| **Total** | $ 98,434.68 |

together with interest from August 6, 2014 at 6.75% ($12.82 per day) until the date of the Property sale. [ECF No. 7, Affidavit of Thomas I. Pulco, Esquire].

On December 11, 2014, the Complaint and Summons were served on both

2

Defendants by personal service. [ECF Nos. 4 and 5]. Answers were due on January 2, 2015. On January 13, 2015, in light of Defendants failure to answer or assert a defense, Plaintiff filed a Request for Entry of Default as provided by Rule 55(a) of the Federal Rules of Civil Procedure. [ECF No. 6]. Attached to the Request was a declaration under penalty of perjury by Plaintiff's counsel, Attorney Thomas I. Puleo, attesting to the aforesaid personal service of the Summons and Complaint and that Defendants have not answered or otherwise moved for an extension of time to answer the Complaint. [ECF Nos. 6 and 6-1]. In addition, the Plaintiff verifies, under penalty of perjury, that the Defendant is not an infant, incompetent, or in the military service of the United States of America. [ECF No. 7, page 2].

On January 14, 2015, the Clerk of Court entered the Default. [ECF No. 9]. Plaintiff filed a Motion for Default Judgment, pursuant to Rule 55 requesting a sum certain total of $98,434.68, including principal, interest to August 5, 2014, interest subject to recapture, penalty charges and attorney fees, together with post judgment interest and attorneys' fees and collection costs. Plaintiff seeks to sell the subject property to satisfy the judgment. Plaintiff also requests that the court retain jurisdiction over this matter as the circumstances may require. [ECF Nos. 7 and 7-2].

### A. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Entry of default judgment is a matter within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). In determining whether to grant a default judgment, courts examine three factors: 1) prejudice to the plaintiff if default is denied; 2) whether the defendant

3

appears to have a litigable defense; and 3) whether the defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). "[T]he factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also* Stout Street Funding LLC v. Johnson, 2014 WL 5591043 *2 (E.D.Pa. Nov. 4, 2014).

### B. Analysis

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against Defendants. It has shown that (1) the Complaint was personally served upon Defendants; (2) Defendants have not appeared; (3) default was entered against the Defendants by the clerk of court; (4) Defendants are not infants, incompetent, or in the military service of the United States of America. In addition, Plaintiff has also shown with specificity how it calculated the amount of the judgment.

The court has considered the Chamberlain factors and finds that the prejudice to the Plaintiff resulting from the Defendants' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the court granting default judgment. *See* Asendia USA, Inc. v. AdvancePost, Inc., 2013 WL 877132, *2 (M.D.Pa. March 8, 2013) ("When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.") (quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir. 1990)). Further the Defendant's' default was a result of their culpable conduct as evidenced by their refusal to respond to the Complaint. *See* World Entertainment Inc. v. Brown, 487 Fed.Appx. 758, 762 (3d Cir. 2012). Therefore, default judgment is appropriate.

4

A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Wright, Miller, & Kane, *Federal Practice and Procedure: Civil 3d,* § 2688 at 58-59 (1998); *see also* Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). If the damages are not for a sum certain or for a sum which can by computation be made certain, the court may conduct such hearings or order such references as it deems necessary and proper. Fed.R.Civ.P. 55(b)(2); *see also* Comdyne I, Inc., 908 F.2d at 1149. The Court may proceed by live testimony, affidavit or other appropriate evidence. International Longshoreman's Ass'n AFL–CIO v. Spear, Wilderman, Borish, Endy, Spear & Runckel, 995 F.Supp 564, 573 (E.D.Pa. 1998); *see also* Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Here, the plaintiff has provided, by a preponderance of the evidence, including all relevant documents, declarations, proofs of service and verification of all relevant documents, an adequate basis to substantiate the requested damages. The Defendants have not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

Accordingly, based upon the undisputed facts and the evidence presented through the pleadings, it is respectfully recommended that the Court enter the Order requested by Plaintiff at ECF No. 7-2.

**CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service of a copy of this Order to file objections to this Order. Counsel for the Plaintiff is directed to serve a copy of this report on Michael A. rice and Roberta L. Rice by certified mail, return receipt requested, and to electronically file proof of service with the court. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Cynthia Eddy
CYNTHIA R. EDDY